of San Benito, Texas, on behalf of Javier Flores. The case so far presents both factual and legal issues. Factually, the underlying issue is whether Mr. Flores resided or claimed a residence in Hidalgo County at the time the case was filed on December 14, 2017. The district court concluded that he had not proven that he was living there. She did not conclude that he was living elsewhere, but just that he had not proven that he was living there. And in the process of reaching that conclusion, she made two very clear factual errors. The first was when she stated that, quote — Before we get into it, it is his burden, though. There's no question that it's his burden to establish. It is his burden. But under Williamson, he also is entitled to the opportunity to develop the record and present the facts. Okay. And that was my second question. Right. I didn't see in the record, and perhaps I overlooked it, did he supply a declaration or affidavit of his own? I know there's some evidence, and I assume you're going to tell us about it. Did he provide a declaration under oath of his own? We did not provide a declaration, Your Honor. We felt that there was going to be discovery. We had filed our joint discovery and case management plan in which we clearly asserted that he was living there, and there was some significant evidence. No, we did not provide a declaration. That did not occur to me at the time, and we only had 12 days between when the government filed its motion and when the court issued her decision. Are you also suggesting, again, I'm interrupting, but you're about to tell us something that I want to hear, but are you suggesting that you were going to take discovery from third parties pertinent to establishing his residence? There would have been third party evidence, yes, Your Honor. Okay. I'm sorry. Go ahead. But her two very clear factual errors were, one, neither party disputes the plaintiff actually lived and worked in Emporia, Kansas at the time he filed this suit, and in support of that, she cited to the government's evidence, but the government's evidence significantly covered the period up to and including February of 2017, and then again in 2018. The government presented no evidence whatsoever of the period between May and December of 2017, which is when he was actually residing in Hidalgo County. All right. Is there any dispute that when he filed this lawsuit, he was living in Texas? We don't believe there was, Judge. At that time, in other words, he was in Texas. At that time when he filed the suit, and the statute is explicitly independent of intent. But whether he had a residence, that's a legal matter. But at that time, he was in Texas. He was in Texas, Your Honor. Where he had a rental apartment. Did he own a home there, too? I'm sorry, I didn't hear. Did he own a home there, as well? He owned a home there, which was at that time rented. But was he renting an apartment at the time that he filed this suit? He rented an apartment in McAllen on May 2nd, and he lived there through September. He was month to month after August, so in late September, he moved to a cheaper apartment in Edinburgh, which is a few miles away from McAllen. And he lived there until after the suit was filed, just before Christmas, he went back to Kansas. When was the suit filed? What date? What date was the suit filed? December 14, 2017. And the evidence we submitted included his lease rentals, his receipts, and his credit card. And the problem, one of the serious problems, was the way the government and then the court handled the issue of the credit cards, and that was the government assumed and basically asserted that the only way you can use a credit card is by presenting it in person. And that hasn't been the case since at least the 1990s. And the court basically adopted that assumption, and what we would consider was improper judicial notice, that because, for example, there was a payment to the city of Emporia, Kansas for $26 on the same date that there was a purchase at a flea market or a veterinarian or whatever. There's no question that some of his presence was there. There's no question about that in Texas. But the statute, either it's divided into two parts, reside or claims of residence. Correct. Are those two alternatives, or is that one place, or does that provide two places that a person may file? It's our position, Your Honor, that those are two different places. All right. So tell me, then, is your Mr. Flores, is he claiming to reside in, does he reside in Texas, or does he claim a residence in Texas? Which of the two does he do? In this case, Your Honor, we claim both, that he was actually physically residing in Texas. What is the status in Kansas? He's not aware of that. Well, what we consider was that at all times his permanent residence was in Texas. He went to Kansas to teach briefly because he wanted to come back to Texas. Well, he bought two homes there, I think. He had his wife there. In Kansas? Yeah. And how long did he live there? A couple of years. And the statute clearly says that if he claims, I don't know whether, because I think whether he resides in Texas and claims a residence in Kansas or the reverse, you know, could be important in terms of trying to decipher the statute. But if he's claiming a residence in Texas, a place of general abode, the place of general abode of a person means his principal, actual dwelling place, in fact, without regard to intent. Without regard to intent. And here, clearly he had his physical presence was in Kansas. His wife was in Kansas. He owned his home in Kansas. His vocation was in Kansas. And then the only thing that he had in Texas was a rental apartment, an apartment that he rented. So it's hard for me to understand whether he is residing in Texas and claims a residence in Kansas or what is really going on here. I just don't quite understand how you're going to parse out this statute to acquire jurisdiction in Texas. Well, first of all, Your Honor, we claim that it's not a jurisdictional provision, that it's very similar, almost identical, to 1252b-4, which says that a petition for review shall be filed in the district where the judge concluded the proceedings, and this Court found that to be venue rather than jurisdiction. But going back to the to the ---- If it's venue, then he comes back and makes a motion for change of venue, or the government makes a motion for change of venue, because that's where he is. I don't know where his status is now. Well, this Court found in Jama v. Gonzalez that that was a venue provision and not a jurisdictional provision. But going back to the statute here ---- But if it's venue, you just go to Kansas anyway. I'm sorry? If it's venue, either way you're going to Kansas under this. Well, no. If it's venue, because the government is a defendant, one of the possibilities is where the facts giving rise to the cause of action occurred. And we say that that was in McAllen. The cause of action is where was I born. He was born in McAllen. His birth certificate was filed there. The doctor who delivered him resided and practiced there for almost 60 years, delivered thousands of babies there, had an absolutely impeccable reputation, et cetera. So the facts would have allowed for venue in there if it's a venue provision. But going back to Judge Jolly's question, the question of residence, the ---- interesting, the government provided a quote from Black's dictionary, law dictionary, as to residence that says it's a place for the time being. And the evidence that the government submitted stopped as of February 2017, which is when he submitted in the first case, because he tried twice. And the problem with the first case was that he had only returned very ---- It gets complicated because the claim, a residence under the statute, the one that we would be bound to honor, the place of general abode, the place of general abode means a person is principal, actual, dwelling place in fact without regard to intent. That's correct. Okay. That's correct. But then if you divide it into two alternatives and reside is, requires another consideration, it's not defined by the statute. So you can go to the common meaning of reside and you may be stronger there claiming that he resides in Texas and has a residence, claims his residence is in Kansas. I mean, it's quite confusing. The Immigration Act clearly provides for the possibility that you can have more than one residence. And the statute where it says resides or claims a residence, the term a residence also appears in 1101A15 with respect to nonimmigrants where it says that if you're a nonimmigrant visitor, for example, and your place of abode temporarily is here in the United States, you must have a residence in a foreign country which you have no intent of abandoning. So that even if you're not physically present in your foreign country when you're applying to extend your visa as a student or a visitor or whatever, you must have by law, that's statute, not regulation, a residence in a foreign country that he had no intention of abandoning. I understand. I was only involved in the amendment of the statute. The reason they made it jurisdictional. Right. Well, so it's our position that his residence, his primary residence has always been McAllen, but that for the time being he has a temporary residence in Kansas and that he came back to be physically present here to fulfill the government's requirement of residence under 1101A33 by spending seven and a half months in the Valley. Let me ask you specifically to that time period of between, let's say, May of 2017 until December the 14th, I think, of 2017, the date of the filing. Yes, Your Honor. What was his employment, Mr. Flores? What was his employment at the time? He was online teaching. Online teaching at the University in Kansas? At the University of Kansas. Okay. He was doing it from his apartment in the Valley. But he owned a home, owned two homes in Kansas, did he not? He owned a home in Texas and he owned a home in Kansas. That's correct. And he rented, and because his home in Texas was rented out when he went to start teaching in Kansas, when he came back he rented an apartment and he lived in the apartment, resided in that apartment for the time being, for seven and a half months while, before he filed the suit. Are we really talking about a determination of fact? Well, we're talking about, no, we're not really talking about the determination of fact so much as whether he had an adequate opportunity to prove the fact, because the way the timing went down, he What is the disputed issue of fact here? The disputed issue of fact is whether he had a, whether he resided or claimed a residence in the Valley. That's the disputed issue of fact. Okay. And what are disputed issues of fact that would entitle you to a hearing to resolve that overall question of fact that's not before us now? What is disputed? Well, the dispute was the judge basically adopted the government's theory that a credit card could only be used if it was done in person, and therefore she discounted his evidence that he had been living in the Valley for those seven and a half months, of which he spent approximately 23 days in Kansas. Wasn't the district court entitled to make a finding of fact? Not without giving him an opportunity to develop and present a record under Williamson. But you hadn't told me what the disputed issue is that a hearing would resolve that's not now accepted as undisputed fact. Well, the dispute over the facts is basically whether the credit card being made to make payments in Kansas meant that he was not actually physically in Texas. And that was the only dispute that the government argued and that the district court found. The district court made those two totally improper findings of fact, claiming that he had never claimed that he was residing there at the time, which is false, and that parties don't dispute that he was living and working in Kansas at the time he filed the suit. That was in the judge's head. That's what she found as fact, and those facts are clearly erroneous because the parties did dispute whether he was living and working in Kansas at the time they filed the suit, and he did strenuously claim that he was living in Texas at the time he filed the suit. So she had that in her head. So your argument is that she was clearly erroneous. Correct. She was clearly erroneous in the finding. She made improper, basically, judicial notice of how you can use a credit card. She did not give him the opportunity under Williamson that he was entitled to make and present a record. She did not look at his— What countervailing evidence was there in the record if there was no affidavit or declaration from Mr. Flores? You're saying that there's a disputed fact. What should the judge have looked at other than these credit card receipts to know or to at least understand that some of them could have been charged remotely and without the physical presence? Well, the leases, the bills, but there was zero evidence that he was in Kansas during that time. The only evidence of record was the evidence that he presented because all the government's evidence either predated February of 2017 or was 2018. The government totally ignored that period between May and December when we claimed that he was physically residing in Texas. Okay. The relief you're asking then is a remand for a hearing for the judge to make a record and make a finding of fact with respect to what his residence is. Thank you. I see my time is up. You've reserved time for rebuttal. Thank you. Ms. How do you pronounce your name? I apologize. Ms. Larrikers. Ms. Larrikers. May it please the court, Mary Larrikers on behalf of the United States. This court should affirm the district court's dismissal of plaintiff's complaint for two primary reasons. First, the residence clause in Section 1503A is jurisdictional and only allows for a single residence. And second, the district court's finding that plaintiff did not reside in McAllen at the time he filed his complaint is not clearly erroneous. Talk to me about why there could only be one residence relevant under the statute. First of all, you've got the word or. Yes. Does that not at least suggest two different ways to define jurisdiction? No, Your Honor, because the resides or claims a residence modifies the term the district court. And because the statute uses the terms the district court as opposed to a district court, it means that there can be. Oh, it just means the district court where they reside or the district court where they claim a residence. Perhaps, Your Honor, it's the government's position that because the phrase resides or claims a residence modifies the district court, that it is the district court, which is the relevant phrase here to determine whether it's a single district court or whether there are two. But importantly, Your Honor, it doesn't matter in this case whether it is two district courts because under resides or claims a residence, plaintiff did not meet his burden under either to show that he was either residing or claiming a residence in McAllen, Texas. How do we know that? Why can't we say that he resided? He clearly was not a place of general abode, actual dwelling place, in fact, without regard to intent. His principal place, I mean, as far as this record is concerned, I agree with that. But resident, that only defines residence. The term resides is not defined in the statute. So can't we look to the common meaning and dictionary, which does refer to the possibility of temporary presence? So you're correct, Your Honor, that there are two possible, you know, constructions here. But the one that the government adopts is the one that the Fifth Circuit has already adopted. And that's that the term resides is defined by the INA through the term residence, which is explicitly defined. What case is that? And that's in Gonzales v. Holder. So in that case, the Fifth Circuit defined the term reside. It was an INA statute that was in the Immigration and Nationality Act. The court defined the term reside in reference to the term residence in the INA statute. Did the statute define reside? The statute did, or we did in our opinion? You did in your opinion. So you referred to the end defining the word reside in that Immigration and Nationality Act statute. You look to the definition of residence as defined in the INA 1101A33. So this Court has already defined the term reside in the context of the court. So this statute would mean the same thing if resides was eliminated from the statute, so that it would, if it just, in any district in which he claims a restaurant, would not, doesn't change the meaning of the statute. Your Honor, I don't think that there's a surplusage problem here. I think there could be a situation where the claims A modifiers on the term residence could make a difference, could modify the term residence. But the key here is that both the term resides and residence are defined the same way in the INA, are defined the same way, and that's. That seems surplusage to me. You cite the Gonzales. I apologize. No, you go ahead. You cite the Gonzales case in your brief? Yes, Your Honor. I believe, I believe that I do. That's where I pulled it from in my notes, Your Honor. I see Gonzales v. Kaye. You said Gonzales v. Holder. Yes, it's Gonzales v. Holder, Your Honor. Counsel, let me back up a little bit. Is there any dispute that when we say residence, a person's residence, for purposes of this statute, we're talking about residence as of the date, the only relevant date is the date of filing. Is that correct? Yes. So it's December 14th in this case, 2017. Is there any evidence in the record that indicates that Mr. Flores was not actually residing in Texas at the time, or that, let's say, someone else was living in the apartment that he claimed to be renting for himself? Is there anything in the record, particularly in that period I spoke of earlier, the May 2017 to the date of filing? So, yes and no, Your Honor. So the government did not present any evidence during that time period from May to December. Rather, what the government did is present evidence in the prior case showing where he had certainly resided without dispute from the other side in Kansas at that time, and then that all the evidence that there are issues with each and every bit of the evidence that plaintiffs submitted in support of their contention that he was actually residing in McCown at the time the suit was filed. And the issues with the evidence there were several. First, there's been a lot of discussion about the credit card statements, that there were charges made in Kansas and in McCown. But there was also an issue with the leases submitted, Your Honor, that at no point did plaintiff actually submit a declaration or state to support those lease payments or credit card statements that he was the one actually residing in Kansas, the one actually living in that apartment as opposed to just renting it, the person actually making those credit card charges as opposed to someone else making those credit card charges. And those issues, those independent issues, combined with the great amount of evidence submitted in the prior case— Was this on a motion for summary judgment or a motion to dismiss, or what was it on? A motion to dismiss, Your Honor, but because we were disputing the factual basis of jurisdiction, the court could look at evidence outside the complaint, Your Honor. What if he had filed a declaration dealing with all the issues you've flagged? Would that satisfy the government? Your Honor, I think it would have satisfied us here, yes. Does the government have any objection to remanding to give him that chance? Yes, Your Honor, because that would be to find that the court abused its discretion in denying jurisdictional discovery. So our argument with regard to that point is, first, plaintiffs never clearly asked the court for jurisdictional discovery. They mentioned in passing that this could be determined in some discovery without specifically mentioning jurisdictional discovery, but they never actually moved the court, said, you know, court, instead of just dismissing this action, we move this court to do some jurisdictional discovery. And this court has consistently held that— They wouldn't even need discovery to file an affidavit, right? Exactly. And that's our second point, Your Honor. So, you know, in the Williamson case, that plaintiff continuously— But let's just stipulate there may be a reason why an affidavit wasn't filed, but let's just stipulate that that was a mistake. Would there have been any reason why the government wouldn't just let them do one on remand? Yes, Your Honor, because— Other than waste of resources? Yes, Your Honor, because this court would necessarily have to find that it was an abuse of discretion for the district court to dismiss without allowing them an additional opportunity to submit a declaration. And when we look at the standard here— Well, is it clearly erroneous to assume that credit card charges, as we discussed, have to be done in person as opposed to online? It's not clearly erroneous, Your Honor. So, exactly, our argument is twofold. First— Was the district court correct then when it said the plaintiff here has never argued that he lived in Texas? Has never said that he lived in Texas? Was it correct because there was no evidence for the district court to establish that fact? Your Honor, I think it's the district court's opinion with regard to that statement was a little vague. I'm not sure where the district court was pulling that specific— Well, it doesn't sound vague to me. The plaintiff has never said that he resided in Texas. And apparently, from what we are told, he made—it was an emphatic point that he made that he was living in Texas at the time he filed this petition, which under a certain reading of the statute would mean that that would resolve the case. Well, Your Honor, I would dispute the fact that it was emphatic. I think the briefing on that point was— What does it mean? He has never claimed that—never is fairly exclusive of any other possibility, is it not? So, Your Honor, even though the district court said that, which I would agree with the court and with plaintiffs that that wasn't a correct characterization of its argument, the court still looked through the rest of the evidence. If the court was simply relying on the fact that he didn't dispute it, then the court would have no need to go through the rest of the evidence to determine whether the evidence that plaintiffs submitted supported the fact or carried his burden that he actually resided in McAllen, Texas at the time the suit was filed. And when this court looks at the entire record and applies the clearly erroneous standard, the court can see that it was a plausible interpretation of the evidence submitted that plaintiff did not reside in McAllen, Texas at the time the suit was filed. And that's the only thing—that is what's important to recognize here, that the standard as to where plaintiffs were residing at the time the suit was filed is clearly—the court reviews that for clear error. And the court may only ask whether the factual conclusion was plausible in light of the record viewed in its entirety. So not just based on that sentence in the district court's opinion, but the record—the entire record before the court. And it's clear that based on that entire record before the court that plaintiff had not carried his burden in that the district court's factual conclusion that plaintiff did not reside in McAllen, Texas at the time the suit was filed was not—was plausible. And again, that record is as follows. Plaintiffs submitted credit card statements, leases, and lease payments in support of his contention that he lived in McAllen, Texas. Do I understand? So there are about eight months of credit card receipts? Yes, Your Honor. And out of those, we took a quick look before today, and about six and a half months was charged to Texas? Thereabouts, Your Honor. And your view is that's not enough to establish maybe not primary residence, but at least some residence? That seems like the majority of the time. No, Your Honor, because the primary flaw there that the district court found was that there wasn't a— It could have been someone else making those credit card charges. Could have. Could have, Your Honor, yes, but— It's a joint account, he and his wife? Yes, Your Honor. But again, could have is enough here, Your Honor. Could have suggests that it is plausible, that the court's interpretation of the evidence there was plausible, and that's enough for clear error review. So it was the issue with the credit card statements. It was the issue with the leases as well, Your Honor, because— Your supposition is if my wife and I have a joint credit card and there's six and a half month worth of charges in one state, that doesn't—that's somehow proof? I'm not sure what inference you're saying favors the government. In this case, Your Honor, without a supporting declaration saying that he was the one making those credit card charges, in addition to the evidence submitted that he was at other relevant times living in Kansas because that's where he had his job, that's where he had a house. So when you combine those two— There's no question he has two different places to live during this time period. Yes, Your Honor. Right? And so one idea would be you're allowed to have two residences and the statute embraces both. But even presupposing your point that it has to be a primary residence, why is the majority of time being in one state? I guess I'm just confused that when you have six and a half—that's the clear majority, so it's well over four months. Because we don't—because the district court could not ascertain from the evidence that he actually was making those credit card charges such that it would be the majority of the time in Texas. Because when you looked at the evidence— You'll admit it's a little bit speculative that we're going to assume that it was all the wife's charges in Texas and he only used cash in Kansas? What are you asking us to infer from this credit card record? That there—not just from this credit card record, Your Honor, but also from the leases and also from the evidence submitted by the government that he had a residence in Kansas that he was teaching— But again, I'm spotting you that he lives in both jurisdictions. Or at least he has a—and I'm using that colloquially, not legally. He spends time in Texas. He spends time in Kansas. He's got places to stay in both. Fine. The question now is, presupposing your primary residence argument, why is it not the more plausible reading of the credit card records that his primary residence is in fact Texas? Because the district court found that it could not—that the plaintiff did not carry his burden to show that he was the one making those credit card charges in Texas. He personally was making those credit card charges. And again, Your Honor— Under what standard of proof? So it's— Yeah, it's obviously not beyond a reasonable doubt. Certainly, Your Honor. It is preponderance of the evidence. But again, the credit card piece is just one piece of this puzzle here. So what contradicts the six-and-a-half-months point? So again, the evidence that the government submitted that he owned a home in Kansas, that he still had a job in Kansas. And then again, the fact that there was no— But apparently it's an online job. Do I understand that? That he's teaching in Kansas, but he can do it online from Texas? Or wherever he wants? Supposedly, Your Honor. That evidence that he was teaching online was actually—I don't think that that was in the record at the time. Got it. But even assuming that that's true, it's the lack of the declaration here stating that he was the one actually living and making those charges on the credit card statements. And there was an issue with the lease payments as well, Your Honor. In briefing, plaintiffs stated that he regularly rents an apartment in McAllen even when he doesn't live there. That he stated that, yes, he's gone back to Kansas since the filing of the complaint, which is all good and well. And yet he still rents that apartment in McAllen. So the court took issue with that as well, that even under his own admission, he regularly rents an apartment in McAllen without actually living there. So then the court couldn't look at those lease payments and those leases and assume that he was actually living there. The court would have needed a declaration to say, I'm actually living in this apartment. I'm the one that was actually making these credit card charges. And again, Your Honor, I would concede that in a normal case, that credit card charges and leases and lease payments would be enough in any normal case. But here you have a very particular, peculiar case, really. Well, are you conceding then that the district court would have been equally correct to have resolved citizenship or jurisdiction on the Texas court? I would say it would be. I think that that would be plausible, Your Honor, as well. But again, even when we're faced with two plausible outcomes, as long as the outcome that the district court— That's a pretty good major concession you're making, it seems to me. I mean, that it is plausible that Texas was his permanent residence, that the evidence would support that. Well, Your Honor, I take issue with the word permanent residence. I think that if the district court— Well, that's what's defined in the statute. I mean, absolutely, Your Honor, we know how it's defined. So I think, Your Honor, if the roles were reversed here, if the district court had found that, okay, the credit card and the lease statements were enough to show that he was residing in McAllen, Texas at the time the suit was filed, I would be up here with the same hill to climb as plaintiffs to say that that finding wasn't plausible. And I think, you know, when we're looking at the clear error standard of review— That is not plausible? I just want to make sure you're— Sorry, Your Honor. So if the roles were reversed, if the district court had found against the government and the government appealed that decision, I'd be facing the same uphill battle here. In the clear error standard of review— I thought you were saying earlier in response to Judge Jolly that it would be plausible. It's just that both sides are plausible. Yes, Your Honor. So you actually wouldn't be here at all. It sounds like you wouldn't have appealed. The government wouldn't have, Your Honor. Right, right. Okay, so it's plausible. You're just saying that's the standard. Yes. And this Court, and, you know, many courts across the country have recognized that in the clear error standard of review, you may have two plausible outcomes. Right. It's just you have to look at whether the district court's decision was plausible, and if it was, then that's enough. Can we go back to Gonzalez v. Holder? I honestly didn't see it in the briefing. But what you're telling me is that's a case where we construed this same 1503 statute or a different part of the INA? A different part of the INA. Okay. Where the INA used the term reside. Fair enough. And so your point is there we construed the INA, but somewhere else in the INA the word reside, and we thought that the residence definition in 1101 was binding on the word reside. Yes, Your Honor. Why don't we, I'll give both sides obviously should have a chance to brief this case within seven days of today's argument. Just to do a 28-J on each side. Absolutely, Your Honor. But I think if we go back to what plaintiff's burden is here, that they have to show, assuming that the resides is defined by residence, or even assuming that it may be defined as some other more akin to venue perhaps. Here plaintiff failed to meet his burden. He would still have the same issues because the credit card statements still don't show, do not carry his burden that he lived in McAllen. The lease payments still don't carry his burden that he lived in McAllen. So regardless of the definition that we apply to the resident, to resides or claims of residence here, he still hasn't met his burden because he would still have the same issues that the district court found in its opinion to be present. And he had an ample opportunity to do that. I think you're saying that it's plausible that he stated the claim for residence, perhaps not primary, I'm sorry, principal residence. I want to make sure I understand your statement correctly. You think it's plausible that he has stated a case for principal residence or just a residence? So, Your Honor, it's our position that resides and claims of residence is defined. No, I understand that. But let's just pretend that we disagree. So there's a principal residence, but there's also the opportunity for a second residence, as some people obviously have. Is it your submission that it's plausible that he has a residence in Texas, just not a principal residence? No, Your Honor. You said something was plausible. Sorry. No, Your Honor, because he would still have the same issues. He would still have to show that he was actually the one living in the apartment, that he was actually the one making the credit card charges. I said it was plausible for the district court to maybe infer that he was the one making those charges. Maybe perhaps that would have been plausible. Okay. But that would then lead to the plausible conclusion that he was resident in Texas. Yes, Your Honor. But I think, again, it's the same. I see I'm out of time. You can go ahead and finish. He still has the same issues with the evidence that he submitted. Those issues that the district court found were not clearly erroneous. They were plausible based on the entire evidence in the record. And when you look at the evidence that was submitted in the prior case where he actually has a job in Kansas, his home is in Kansas, it was plausible for the district court to infer that he may not actually be the one renting, the one actually living in the apartment and doing those credit card charges. Thank you. Thank you. Let's give appellant seven minutes total. Please. Thank you. Thank you. First of all, Your Honor, it is simply not true that he ever said that he regularly rented an apartment without living there. The only quotation that she used was the fact that after he returned from the valley to Kansas in December of 17, he kept the apartment in Edinburgh for a while because he was coming and going. His home was rented. He had to, you know, come to consult with counsel. So he kept that apartment for a while after he went back to Kansas. But that does not mean that he regularly rented an apartment without living there. He never did that and never claimed to do that. Also, the government completely ignores Williamson that says that if the motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues. He had a total of 12. I'm sorry? Did you request a hearing? We did not request a hearing, but we had filed the joint discovery case management plan. We had set out our discovery routine, and we believed that we were going to have discovery. We didn't believe we needed to request a hearing because we thought we had discovery coming and then we would have a trial down the line. The judge's ruling came as a surprise. The judge's ruling came as a surprise. In fact, we had prepared, the same time she was preparing her opinion, we were preparing our motion and the SIR reply to point out the defects in the government's opinion regarding the credit cards. Her ---- You had filed an opposition to the MTD. We had filed an ---- When you were. We had filed the opposition. That was when we filed the credit cards and the leases and this and that and the other. But the government in their reply said, no, no, that doesn't make, that's not sufficient evidence. But based largely on the theory that all these cards had to have been presented in person. You were hoping to do an affidavit in your reply? Yes. We were going to do, we expected that we would have discovery. We expected that we would have a hearing on it. We didn't request it. I think in the record it shows that there is a proposed SIR reply on May 14th of 2018. But the government's reply memo was filed on May the 2nd. So that's. Correct. For a SIR reply, that seems like it's a long enough time. 12 days. For the court to assume there's not going to be one unless you so advise them that I do intend to respond. 12 days, Your Honor, we had. 12 days. It was 12 days between the government's reply and the court's opinion was filed minutes, literally minutes before we filed our motion for leave to file the SIR reply with the SIR reply attached. Which was the 14th. Which was the 14th. And after we filed that, the judge issued her judgment, which said it was being dismissed with prejudice. And it was more than two weeks later that she amended that to say, no, no, it should have been without prejudice, ignoring our attempt to file a SIR reply. Did you ask for a rehearing based upon judge? You missed the SIR reply because it was there and you obviously could not have considered it because you ruled so quickly. It all happened so quickly, Judge. No, we did not. We were in the process of thinking, all right, she said this is dismissed with prejudice. I guess, you know, we were contemplating coming to this Court at that point. And then when she turned around and said, no, no, we've changed my mind, it's without prejudice, it was like, you know, okay, now where are we? But, but. Just to be clear, that's the first suit. Pardon? Are you talking about the first suit? I'm talking about this case here. This suit, okay. This case. And when the government talks about the preponderance of the evidence, they admitted there is absolutely no evidence contradicting his evidence showing that he was, for those seven and a half months, that he was in the valley. So if you're talking about preponderance of the evidence, that's all the evidence that there was about that time. They showed that before that he was in Kansas, and they showed that in 2018 he was teaching in person in Kansas, but they admitted they presented nothing for that time frame. So if you're talking about preponderance of the evidence, our evidence was the only evidence as to where he was during that period of time. And going back to the question of a residence, it is very clear from 1101A15 that you can have, you can be living in the United States temporarily, but you must have a residence abroad that you have no intention of abandoning. So clearly that residence abroad is not where you're spending your time. So clearly the Act contemplates having a residence and another residence, and what we showed was that for those seven and a half months he was residing in the valley, whether that's his primary or his secondary. It's a little bit hard to say. We consider that his permanent residence is in the valley because that's where he spent most of his time. He was temporarily in Kansas getting the credentials necessary to come back to teach in the valley because that was one of the prerequisites that if you graduate from the university here, you have to teach elsewhere before you can come back and teach here. And with respect to the jurisdiction, Judge, I would again refer you to Jama v. Gonzalez. And the language is very, very similar. And also the legislative history shows that the residence provision was venue and not jurisdictional. It said so in court, and in later cases it talked about it as venue. And this court explicitly found that the 242.12.52b.4, which says that a petition for review must be filed in the district where was a venue and not a jurisdictional issue. So it's our position that the judge should have either, in compliance with Williamson, she should either have considered our surreply or allowed for discovery or allowed for hearing that 12 days is simply not enough time to develop and argue the facts in a manner adequate to the issues involved. Why do you think A15 cuts against the government? I'm sorry, Judge, my hearing isn't very good. No, no, my apologies. Why do you think A15 cuts against the government? All A15 is saying is you can have a nonimmigrant is defined as somebody who has a residence somewhere else and isn't wanting to be in the United States permanently. That seems to be consistent with 33. It shows it's the other place where it uses the term a residence, which is what is used in 1503a, that you reside or have a residence, claim a residence. And so if you're talking about a residence, where else does the Immigration Act talk about a residence? It talks about a residence in the context of a nonimmigrant student or a visitor or whatever who is presently in the United States but has a residence abroad that he has no intention of abandoning. So that's not inconsistent with 33. Well, no, that's the 33. That's where the Act is perhaps in need of a little updating, because it's not necessarily 100 percent, you know, consistent when you say that your residence is where you're actually staying, but then you can have a residence abroad where you're not staying. Yeah, okay. I think we have your argument. That's Congress. Thank you. Thank you, Your Honor. The case is submitted, and that concludes today's proceedings.